UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:  Case No. 11-81998
 Chapter 7

DARYL ZAIN PERRY,

 Debtor.

_____

DARYL ZAIN PERRY,

 Plaintiff,

v.  Adv. Proc. 12-08006

UNITED STATES OF AMERICA,
DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE,

 Defendant.

## MEMORANDUM OPINION

In this adversary proceeding, Daryl Zain Perry ("Perry") seeks a determination that any amounts owed to the Internal Revenue Service ("IRS") for tax years 1997, 1999, 2001, and 2003 are dischargeable.

On June 6, 2012, Perry filed a motion for judgment on the pleadings. Following a hearing on Perry's motion, which the IRS opposed, the court converted Perry's motion to one seeking summary judgment. The parties were accorded an opportunity to file a joint stipulation of facts and their respective briefs of law.

On August 9, 2012, the IRS filed a cross motion for summary judgment.

Upon consideration of the stipulated facts and of the law and for the reasons that follow, Perry's motion for summary judgment will be denied and that of the IRS will be granted.

## Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, this proceeding involves a determination of the dischargeability of a debt. As such, this is a core proceeding pursuant to 28 U.S.C. § 157, thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Stipulated Facts

The parties have filed a joint statement of stipulated facts (Doc. #15). The court adopts those facts as the facts in this case and summarizes them as follows.

On December 20, 2011, Perry filed a chapter 7 petition for relief in this court. Perry listed the claims of the IRS as nonpriority, unsecured ones. *See* Schedule F.

Perry did not file timely returns for tax years 1997, 1999, 2001, and 2003. Instead, the IRS filed substitute returns for each of those years. The substitute returns for tax years 1997, 1999, and 2001 were filed by the IRS on February 9, 2004. The substitute return for tax year 2003 was filed by the IRS on May 21, 2007.

On February 12, 2005, the IRS initiated efforts to collect taxes assessed through the substitute returns.

In late 2007 and early 2008, Perry filed a Form 1040 tax return for each of the tax years at issue here. He filed the 1997 return on October 19, 2007, the 1999 return on October 30, 2007, the 2001 return on November 1, 2007, and the 2003 return on January 3, 2008. Perry ultimately filed for bankruptcy on December 20, 2011.

## Summary Judgment Standard

The standard for summary judgment established by Fed. R. Civ. Proc. 56 is made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. Proc. 7056. The rule provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. Proc. 56(c).

Summary judgment is appropriate when "there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). In deciding a motion for summary judgment, the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## Legal Conclusions

While the purpose of discharge under chapter 7 is to provide a fresh start to honest debtors, the law has always provided that certain debts may not be discharged. The Bankruptcy Code makes income tax debt owing to governmental units generally nondischargeable. *See* 11 U.S.C. § 523(a)(1),[1] and § 523(a)(1)(B)(i) clearly excludes any tax liability for which a return was not filed.

---

[1] The exact text of the statute provides:
(a) A discharge under sections 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

The IRS contends that Perry did not file tax returns for the affected years. In so doing, it points to the meaning of the term "return" as enumerated in the hanging paragraph added to the Bankruptcy Code in 2005 by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). The Code provides:

> For purposes of this subsection, the term 'return' means a return that satisfies the requirements of applicable non-bankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a)(19)(hanging paragraph at end of subsection).

Section 6020 of the Internal Revenue Code concerns tax returns that are prepared and executed by the IRS itself instead of the taxpayer. Under § 6020(a), the IRS prepares and files the return with the assistance and consent of the taxpayer. Section 6020(b), however, applies to situations where the IRS files the return without the aid of the taxpayer.

---

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, or equivalent report or notice, if required—

    (i) was not filed or given; or

    (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1).

Section 6020(a) is recognized as a safe harbor provision for late returns.

Because Perry did not assist or consent to the substitute returns filed by the government, the IRS maintains that the filing does not fall under § 6020(a). The IRS further maintains that § 6020(a) is the *only* safe harbor provision for late returns, particularly those filed post assessment. A late return otherwise fails to meet the definitional requirements for "return" enumerated in the hanging paragraph because it does not "satisfy[y] the requirements of applicable non-bankruptcy law (including applicable filing requirements)." 11 U.S.C. § 523(a)(19)(hanging paragraph at end of subsection).

The courts that have addressed the effect of the hanging paragraph have unanimously concluded that it excludes a late-filed return. *See McCoy v. Mississippi State Tax* Commission, 666 F.3d 924 (5th Cir. 2012) (holding that unless it is filed under a "safe harbor" provision similar to § 6020(a), a state income tax return that is filed late under the applicable non-bankruptcy state law is not a "return" for bankruptcy discharge purposes under § 523(a)); *Wogoman v. IRS*, 2012 WL 2562323 (B.A.P. 10th Cir. 2012) (holding that the Form 1040 filed by debtors approximately 17 months after the IRS had assessed their tax liability is not a return that satisfies the filing requirements of applicable nonbankruptcy law); *see also Cannon v. IRS*, 451 B.R. 204, 206 ( Bankr. N.D. Ga. 2011); *Links v. United States*, 2009 WL 2966162 (Bankr. N.D. Ohio 2009); *Creekmore v. IRS*, 401 B.R. 748 (Bankr. N.D. Miss. 2008); *Panser v. Wisc. Dep't of Revenue*, 2010 WL 4025884 (E.D. Wis. 2010).[2]

---

[2] Before BAPCPA added a definition for "return", most courts presented with this issue also held that a debtor's tax liability was not dischargeable because returns filed after the assessment of taxes by the IRS did not qualify as "returns" under §523(a)(1)(b)(i). To determine whether a filing constituted a "return", Courts relied on the four-pronged analysis originally formulated by the United States Tax Court in *Beard v. Commissioner*, 82 T.C. 788 (1984) *aff'd,* 793 F.2d 139 (6th Cir. 1986) and first employed in the bankruptcy dischargeability context in *In re Hindenlang*, 164 F.3d 1029 (6th Cir. 1999). For a filing to qualify as a "return" it must: (1) purport to be a return; (2) be executed under penalty of perjury; (3) contain sufficient data to allow calculation of tax; and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax law. *Id.* at 1033. The critical requirement was held to be the fourth, and the court in *Hindenlang* found that "a purported return filed too late to have any effect at all

Accordingly, Perry's filings are not "returns" within the meaning of the law. The tax claims of the IRS for the affected years are nondischargeable with Perry's motion for summary judgment being denied and the cross motion of the IRS being granted.

Conclusion

For the foregoing reasons Perry's tax debts to the IRS for tax years 1997, 1999, 2001, and 2003 are nondischargeable. A judgment in conformity with this Memorandum Opinion will enter separately.

Done this the 15th day of August, 2012.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Charles M. Ingrum, Jr., Plaintiff's Attorney
DeAnne M. Calhoon, Defendant's Attorney

---

under the Internal Revenue Code cannot constitute "an honest and reasonable attempt to satisfy the requirements of the tax law."" *Id.* at 1034. The Fourth, Seventh and Ninth Circuits all reached the same conclusion. *See In re Moroney*, 352 F. 3d 902 (4th Cir. 2003); *In re Payne,* 431 F.3d 1055 (7th Cir. 2005); *In re Hatton*, 220 F.3d 1057 (9th Cir. 2000). The Eighth Circuit alone reached the opposite outcome by diminishing the fourth requirement to ignore a filer's subjective intent and instead focusing on the face of the form to determine if it was an honest attempt to satisfy the law. *In re Colson,* 446 F.3d 836 (8th Cir. 2006). This court finds the logic of the Fourth, Sixth, Seventh and Ninth Circuits to be more persuasive.