# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 11-81998-DHW |
| | Chapter 7 |
| DARYL ZAIN PERRY, | |
|       Debtor. | |
| _____ | |
| DARYL ZAIN PERRY, | |
|       Plaintiff, | |
| v. | Adv. Proc. 12-08006-DHW |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, | |
|       Defendant. | |

### MEMORANDUM OPINION

In this complaint, Daryl Zain Perry (hereinafter "Perry") seeks a determination for dischargeability, extent of liability, and extent of a tax lien concerning a debt to the Internal Revenue Service (hereinafter "IRS"). The court previously determined that the debt was non-dischargeable. For the following reasons, the court has decided to abstain from making a determination regarding the extent of liability and the extent of the lien.

### Jurisdiction

The court's jurisdiction in this adversary proceeding is derived from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because this adversary

proceeding involves the dischargeability of a particular debt, this is a core proceeding under 28 U.S.C. § 157(b)(2), thereby extending this court's jurisdiction to the entry of a final order of judgment.

## Procedural Background

Perry filed the complaint against the IRS on March 28, 2012 seeking a determination that his debt was dischargeable and a determination of the extent and priority of an IRS tax lien. The court determined that the debt owed to the IRS was not dischargeable (Doc. #18). That decision was appealed to the District Court for the Middle District of Alabama and affirmed (Doc. #62). The debtor subsequently moved for a status conference requesting a determination of the extent and priority of the tax lien under 11 U.S.C. § 506(d) and a determination of the amount of the tax under § 505 (Doc. #63). The IRS responded by filing a motion to dismiss or in the alternative abstain (Doc. #67).

## Legal Conclusions

Under Section 505(a)(1) of the Bankruptcy Code, a bankruptcy court "may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax." The use of the word "may" has been interpreted to allow a bankruptcy court to abstain from hearing such matters. *See Internal Revenue Service v. Luongo (In re Luongo)*, 259 F.3d 323, 330 (5th Cir. 2001). In *IRS v. Luongo*, the Fifth Circuit cited several factors that courts have considered in order to determine whether or not to abstain from making such a tax determination. These factors include the complexity of the tax issues involved, the efficient and orderly administration of the bankruptcy case, the burden on the court's docket, the amount of time required for a trial and decision, the debtor's assets and liabilities, and the prejudice to the taxing authority. The Fifth Circuit also noted that some courts have applied the "two-fold purpose" of § 505 and considered "(1) affording a forum for the ready determination of the legality or amount of tax claims, which determination, if left to other proceedings, might delay conclusion of the administration of the bankruptcy estate and (2) providing an opportunity for the trustee, on behalf of the creditor, to contest the validity and amount of a tax claim when the debtor has been unwilling or unable to do so." *Id.* (internal quotation marks and citations omitted). Ultimately, the Fifth Circuit in *IRS v. Luongo* decided that these considerations focused primarily on benefitting the unsecured creditors

through § 505 and ignored other goals of the Bankruptcy Code such as relieving "the honest debtor from the weight of oppressive indebtedness and permit[ting] him to start afresh." *Id.* (internal quotation marks omitted). Thus, the Fifth Circuit determined that "where bankruptcy issues predominate and the Code's objective will potentially be impaired, bankruptcy courts should generally exercise jurisdiction. Conversely, absent any bankruptcy issues or implication of the Code's objectives, it is usually appropriate for the bankruptcy court for the bankruptcy court to decline or relinquish jurisdiction." *Id.* at 332. In that case, bankruptcy issues predominated because the court was required to interpret conflicting sections of the Bankruptcy Code and determine issues related to dischargeability, exemption, and setoff. *Id.*

The Fifth Circuit again considered abstention under § 505 in *Hinsley v. Harris County, State of Texas, et al. (In re Hinsley)*, 69 Fed. Appx. 658 (5th Cir. 2003)(unpublished). The Fifth Circuit distinguished *Hinsley* from *Luongo* and determined that abstention was proper because bankruptcy issues did not predominate the case. *Id.* In *Hinsley* the debtor was seeking a determination of the value of property and the tax liability associated with the property, but the property was not part of his bankruptcy estate. Therefore, the Fifth Circuit held that "[w]here . . . the only parties likely to benefit from the resolution of a debtor's dispute with the taxing authority are the debtor and his lienholder on property that is not part of the estate, there is no warrant for the bankruptcy court to assume decision-making power over the dispute." *Id.*

Bankruptcy courts have decided to abstain under § 505 in situations when the issues involved do not serve a bankruptcy purpose, such as when the issue is the validity of a tax where if the tax is determined to be valid it is not dischargeable and if the tax is invalid then the debtors have no liability. *See Dees v. United States (In re Dees)*, 369 B.R. 676, 680 (Bankr. N.D. Fla. 2007). Courts have also found it appropriate to abstain when the debtor is the only party to benefit under a § 505 determination. *Cunningham v. Georgia Dept. of Revenue (In re Cunningham)*, 278 B.R. 290, 293 (Bankr. M.D. Ga. 2002).

In contrast, courts have decided not to abstain where there is no alternative forum to determine the dispute. *See Hospitality Ventures/Lavista v. Heartwood 11, L.L.C. et al (In re Hospitality Ventures/Lavista)*, 314 B.R. 843, 851 (Bankr. N.D. Ga. 2004)(analyzing §

505 abstention under the same principles as § 1334 permissive abstention and finding that § 1334 does not allow permissive abstention when there is no alternative forum to decide the dispute). In *Melvin v. I.R.S. (In re Melvin)*, 410 B.R. 705, 709 (Bankr. M.D. Ala. 2009) the bankruptcy court determined not to abstain where the tax liability determination turned on the question of whether or not the debtors were insolvent. In *Melvin*, the court decided not to abstain in consideration of "judicial economy, fairness and convenience to the litigants and simplicity of the non-bankruptcy issues," since the determination of whether the debtor was insolvent was "well within the Bankruptcy Court's expertise" and most of the evidence needed to decide the issue had been "developed in the Debtors' underlying Chapter 7 bankruptcy case." *Id*.

In this case, the court has already determined that the debt to the IRS is not dischargeable. This was the only issue that affected the debtor's chapter 7 bankruptcy. As this is a no asset case, the remaining issues concerning the extent of the liability of the debtor to the IRS and the determination of the extent of the tax lien do not affect the unsecured creditors in the case nor do they involve the efficient administration of the chapter 7 case in any way. Nor do these determinations necessarily fall "well within the expertise" of the bankruptcy court. In contrast, the only party to benefit from such determinations is the debtor, and the issues involved in making these determinations are best left to the appropriate non-bankruptcy forum. The court finds that determining Perry's extent of liability to the IRS and determining the extent of the tax lien further no bankruptcy purpose nor do bankruptcy issues predominate this case. Therefore, the court will exercise its discretion and abstain from deciding the issues.

Conclusion

For the foregoing reasons, a separate order will enter granting the IRS motion to abstain and dismissing this adversary proceeding.

Done this the 17th day of March, 2014.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Charles M. Ingrum, Jr., Attorney for Plaintiff
DeAnne M. Calhoon, Attorney for Defendant
R. Randolph Neeley, Attorney for Defendant
Steven Christopher Woodliff, Attorney for Defendant
Cecil M. Tipton, Trustee